No. 08-48 C
(Chief Judge Damich)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MALCOLM B. BLANKENSHIP III,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND, IN THE ALTERNATIVE, MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

GREGORY G. KATSAS
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

CHRISTOPHER L. KRAFCHEK
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-0041
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
LCDR MARC S. BREWEN
Office of the Judge Advocate General
General Litigation (Code 14)
1322 Patterson Ave, SE Suite 3000
Washington Navy Yard, DC 20374-5066
Tel: (202) 685-5441
Fax: (202) 685-5472

July 24, 2008

TABLE OF CONTENTS

STATEMENT OF THE CASE ..... 3

ARGUMENT ..... 3

I. The Court Should Dismiss The Complaint Because It Presents A Nonjusticiable Issue ..... 3

A. Mr. Blankenship's Claims Are Nonjusticiable ..... 3

B. CNATRAINST 1500.4F Does Not Create Procedural Safeguards To Benefit Student Aviators ..... 5

II. The BCNRs Decision Is Supported By Substantial Evidence and Not Arbitrary Or Capricious ..... 7

A. Plaintiff Has Not Established That The BCNR Committed A Material Legal Error Or An Injustice ..... 7

B. Plaintiff's Factual Allegations Are Not Supported In The Record ..... 8

C. Plaintiff Has Failed To Respond To Our Argument That The Navy's Failure To Counsel Plaintiff Within One Week After Achieving Marginal Performance On A Training Flight Constitutes Harmless Error ..... 12

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

## CASES

Antarctic Support Assoc. v. United States,
46 Fed. Cl. 145 (2000), aff'd,
251 F.3d 171 (Dec. 14, 2000) .......... 8

Bateson v. United States,
48 Fed. Cl. 162 (2000) .......... 7

Brewer v. Purvis,
816 F. Supp. 1560 (M.D. Ga. 1993), aff'd,
44 F.3d 1008 (11th Cir. 1995) .......... 12

Finch v. Hughes Aircraft Corp.,
926 F.2d 1574 (Fed. Cir. 1991) .......... 12

Heisig v. United States,
719 F.2d 1153 (Fed. Cir. 1983) .......... 4, 8

Hoffman v. United States,
894 F.2d 380 (Fed. Cir. 1990) .......... 7, 8

Long v. United States,
12 Cl. Ct. 174 (1987) .......... 7

Lowal v. MCI Communications Corp.,
16 F.3d 1271 (D.C. Cir. 1994) .......... 6

Murphy v. United States,
993 F.3d 871 (Fed. Cir. 1993) .......... 4

Porter v. United States,
163 F.3d 1304 (Fed. Cir.1998) .......... 7

Sargisson v. United States,
913 F.2d 918 (Fed. Cir. 1990) .......... 4

Skinner v. United States,
219 Ct. Cl.
594 F.2d (1979) .......... 8

Southern Nevada Shell Dealers Ass'n v. Shell Oil,

725 F. Supp. 1104 (D. Nev. 1989) ........................................................................ 12

Voge v. United States,
844 F.2d 776 (Fed. Cir.1988) ........................................................................ 4

Wronke v. Marsh,
787 F.2d 1569 (Fed. Cir.1986) ........................................................................ 7, 8

**REGULATIONS**

Naval Air Training Instruction 1500.4F........................................................................ 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MALCOLM B. BLANKENSHIP III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-48 C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND, IN THE ALTERNATIVE,**
**MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

In our opening brief we established that the complaint filed by Mr. Malcolm B. Blankenship, III ("plaintiff") presents the Court with a nonjusticiable issue because he asks the Court to order the United States Navy ("Navy") to reinstate Mr. Blankenship to flight status or flight training and be granted his wings as a Naval Aviator. Alternatively, we demonstrated that even if the Court determined that it can review the decision of the Board of Corrections for Naval Record ("BCNR" or "board") upon the merits, the United States is entitled to judgment upon the administrative record because the BCNR properly determined that Mr. Blankenship was not entitled to receive Naval aviator wings or be reinstated to flight status because he did not successfully complete Naval flight training. We also demonstrated that the procedural error relied upon by plaintiff, the Navy's 23-day delay in counseling Mr. Blankenship after his mid-marginal performance on training flight Radio Instruments 15 ("RI-15"), was nothing more than harmless error because: (1) granting of extra training flight is discretionary and even if Mr. Blankenship was counseled on September 7, 2001 or within one-week thereafter, he would not have been entitled to extra training flight; (2) based upon his demonstrated academic and training performance, the Navy reasonably concluded that Mr. Blakenship could not successfully

complete flight training; (3) plaintiff's criminal misconduct in Austin, Texas would have resulted in his removal from flight training regardless of his academic and training performance; and (4) the record amply demonstrates that plaintiff ignored his affirmative responsibility to review his training record with the Navy.

In his response, plaintiff argues that the United States' motion to dismiss should be denied because the Navy, by delaying a counseling session until 23-days after Mr. Blankenship was given a marginal performance rating, failed to follow its own procedural regulation. Pl. Resp., p. 6. In support of this contention, plaintiff quotes Naval Air Training Instruction 1500.4F ("CNATRAINST 1500.4F") out of context, argues the regulation creates procedural safeguards to protect and benefit student aviators, casts various legal conclusions in the form of factual allegations, and makes inconsistent factual allegations. Pl. Resp., pp. 7 - 9. Furthermore, plaintiff alleges that the BCNR's decision was arbitrary, capricious, and unsupported by substantial evidence because Mr. Blankenship was not afforded "a chance to overcome his marginal designation with an individualized plan designed to correct his deficiencies." Pl. Resp., p. 10. In support of this contention, plaintiff makes factual assertions that are not supported in the record. Pl. Resp., pp. 10-11. Finally, plaintiff did not respond to our arguments that the Navy's delay in formally counseling Mr. Blankenship after he received a marginal evaluation for training flight RI-15 was harmless error.

For the reasons set forth in our opening brief, and below, Mr. Blankenship's complaint must be dismissed.

## STATEMENT OF THE CASE

The defendant respectfully refers the Court to its Statement of Facts filed contemporaneously with our principal brief.

## ARGUMENT

### I. The Court Should Dismiss The Complaint Because It Presents A Nonjusticiable Issue

In response to our argument that plaintiff's claims should be dismissed because he asks the Court to review a decision by the Navy regarding an officer's qualifications to serve as a combat pilot, Mr. Blankenship argues his claims are justiciable because the Navy failed to follow its own regulation and thereby denied him various procedural safeguards. Pl. Resp., p. 5. In support of this contention, plaintiff relies upon CNATRAINST 1500.4F paragraphs 715 and 718 to argue that Mr. Blankenship "did not benefit from the purpose and safeguards in place for those [students] receiving a marginal designation." Pl. Resp., p. 8. Underlying this argument is the premise that CNATRAINST 1500.4F creates mandatory procedural requirements that must be followed by the Navy when a Naval student aviator is determined to be marginal for the benefit of the student. As will be shown below, plaintiff's arguments are without merit and the complaint should be dismissed.

#### A. Mr. Blankenship's Claims Are Nonjusticiable

Plaintiff argues that the Navy's failure to counsel Mr. Blankenship for his marginal performance constituted a failure to follow its own regulation and, as a result, the Court should direct the Navy to either issue him "aviator wings," (thereby saying he is a Navy-qualified combat pilot) or reinstate Mr. Blankenship to flight status and return him to flight training. Pl. Resp., p. 11.

The well-settled standard for justiciability is articulated in Murphy v. United States, 993 F.2d 871 (Fed. Cir. 1993), which affords deference to the substance of military personnel decisions. See Voge v. United States, 844 F.2d 776, 780 (Fed. Cir.1988) and Heisig v. United States, 719 F.2d 1153 (Fed. Cir. 1983).

The Federal Circuit's analysis of the claim in Murphy provides guidance as to how Mr. Blankenship's amended complaint should be decided upon this point. In Murphy, the Federal Circuit held that the existence of subject matter jurisdiction, coupled with a determination that the court has the ability to review the alleged procedural errors, does not answer the question of whether the matter is justiciable. Murphy, 993 F.2d at 872-73. Moreover, as the United States Court of Appeals for the Federal Circuit held in Sargisson v. United States, 913 F.2d 918 (Fed. Cir. 1990), even if the service member states a claim within the court's jurisdiction, the court lacks the power to decide the matter and award relief if the basis for the claim presents a non-justiciable or non-reviewable issue. Indeed, as the Court held:

> In the instance of nonjusticiability . . . the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded.

Id. at 921-922. Moreover, "a controversy is justiciable only if it is one which the courts can finally and effectively decide, under tests and standards which they can soundly administer within their special field of competence." Voge v. United States, 844 F.2d 776, 780 (Fed. Cir. 1988). Accepting for the sake of argument that the Navy failed to follow CNATRAINST 1500.4F when it did not officially counsel Mr. Blankenship until 23-days after his marginal performance on RI-15, the issue is still nonjusticiable because there is no doubt that evaluating the performance of student aviators and determining if they should continue with training falls

outside the Court's special field of competence. In short, the merits of the Navy's decision to release Mr. Blankenship from flight training are beyond judicial reach and, accordingly, his complaint should be dismissed.

B. CNATRAINST 1500.4F Does Not Create Procedural Safeguards To Benefit Student Aviators

Plaintiff alleges that paragraph 718 of CNATRAINST 1500.4F states "[t]he student is to be counseled about what he must do to successfully complete the program" and [o]nly at the end of the special training, is the student recommended for continued training or referred to a training review board (TRB)." Pl. Resp., pp 7 -8.

Contrary to plaintiff's assertion, CNATRAINST 1500.4F, paragraph 718 does not create procedural safeguards for the benefit of the student aviator. We note that, pursuant to Chapter I, paragraph 105, the application of a procedure is only mandatory when the word "shall" is used. Next, we note that the regulation provides in pertinent part, that performance is measured and documented not to benefit student aviators, but for the following reasons:

> a. Quality Control. Fleet requirements dictate minimum standards of performance. **Quality control is the process of maintaining these evolving minimum acceptable standards, of identifying students who have a high probability of failure in the fleet**, and of improving the quality of [Naval Air Training Command] graduates.
>
> b. Efficient Training Management. Reliable measurement of performance is essential in the continuing effort to:
>
> (1) Achieve the desired quality of naval aviators.
>
> **(2) Screen out early in the training program those likely to fail, drop out, or take an excessively long time to complete.**
>
> (3) Identify student deficiencies as soon as they arise.
>
> (4) Provide for optimum training assignment.

> (5) Achieve efficient training order.
>
> (6) Group trend analysis.
>
> c. Assignment of Training and Duty. Differing mission requirements and aircraft types may require particular aptitude and skills. Performance measurements should reflect these differences, allowing customized training and duty assignments. As long as the particular needs of the service are met, assignment is made on the basis of performance. The better the performance, the greater the likelihood an individual will receive the desired training and duty preference.
>
> d. Precedence. Lineal precedence for students who will receive a commission after completion of the flight training syllabus will be determined by performance in training.
>
> e. Awards. Awards and individual recognition are given to outstanding students in various phases and levels of training. Selection is based upon performance in CNATRAINST 1650.9A.
>
> f. Trends. The documentation of significant trends in basic airwork, headwork, and procedures is extremely helpful in analyzing the performance of students and aviators. **If** mentioned on the aviation training form, trends **can** help an instructor conducting a jacket review before a student flight monitor negative or dangerous tendencies on that specific flight, help a Progress Review Board (PRB) to tailor extra flight instruction to the student's needs, or aid higher authority in determining whether retention or attrition is warranted.
>
> g. Jacket Reviews. Jacket reviews are conducted frequently to inform the instructor and student of the student's progress. Required jacket reviews shall be published in the curriculum. Students whose performance is such that they may be marginal at completion of a stage or phase **should** be identified during jacket reviews.

CNATRAINST 1500.4F, para. 700 (Nov. 17. 1999) (procedures for international students omitted) (emphasis added).

In light of the fact that there is no express procedural safeguard for student aviators in CNATRAINST, plaintiff's assertions constitute legal conclusions cast in the form of factual allegations that this Court is not required to accept. Lowal v. MCI Communications Corp., 16 F.3d 1271, 1276. (D.C. Cir. 1994). Moreover, contrary to plaintiff's legal conclusions, the

regulation is not intended to create any specific procedural safeguards for the benefit of the student aviator. Rather, based upon the foregoing, the regulation is clearly and unambiguously intended to benefit the Navy. Indeed, the regulation expressly states that performance is measured to screen out students like Mr. Blankenship that are "likely to fail … or take an excessively long time to complete" training. Plaintiff's reliance upon paragraphs 715 and 718 in CNATRAINST 1500.4F is misplaced and his arguments are lacking in merit.

## II. The BCNR's Decision Is Supported By Substantial Evidence and Not Arbitrary Or Capricious

### A. Plaintiff Has Not Established That The BCNR Committed A Material Legal Error Or An Injustice

In a records review case, like Mr. Blankenship's claim, the Court reviews the Navy's decision pursuant to RCFC Rule 56.1. "[J]udicial review in military pay cases is normally limited to the administrative record developed before the military board." Bateson v. United States, 48 Fed. Cl. 162, 164 (2000) (citing Long v. United States, 12 Cl. Ct. 174, 177 (1987)). When called upon to review a decision of a corrections board, or of a Secretary taken upon recommendation from a corrections board, the standard of review is whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir.1998). Thus, Mr. Blankenship bears the burden of demonstrating, by cogent and clearly convincing evidence, that the Secretary's decision to deny him relief was the product of a material legal error or injustice. Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir.1986). Mr. Blankenship must also overcome the presumption that military officers, like other public officials, discharge their duties correctly, lawfully, and in good faith. Hoffman v. United States, 894 F.2d 380, 385 (Fed. Cir. 1990).

This standard of review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983). Thus, because the Court of Federal Claims does not sit as a "super correction board," Skinner v. United States, 219 Ct. Cl. 322, 330-331, 594 F.2d 824, 829-830 (1979), where reasonable minds might reach different conclusions on the evidence, the Court of Federal Claims will not substitute its judgment for that of the board's. Wronke, 787 F.2d at 1576. In order to establish that a decision is arbitrary or capricious the objecting party must show that the decision lacks a rational basis. See Antarctic Support Assoc. v. United States, 46 Fed. Cl. 145, 154 (2000) (cases cited therein), aff'd by 251 F.3d 171 (Dec. 14, 2000). The board's decision is supported by substantial record evidence and, therefore, the United States is entitled to judgment upon the administrative record.

Mr. Blankenship has failed to provide any information that was not considered by the BNCR that demonstrates "by cogent and clearly convincing evidence, that the [BCNR's] decision to deny him [the requested] relief was the product of a material legal error or injustice." Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir. 1986). He also never attempts to overcome the presumption that military officers, like other public officials, discharge their duties correctly, lawfully, and in good faith. Hoffman v. United States, 894 F.2d 380, 385 (Fed. Cir. 1990). Furthermore, even the broadest of readings shows that plaintiff's arguments constitute an attempt to have the Court re-weigh the evidence that was before the BCNR.

B. Plaintiff's Factual Allegations Are Not Supported In The Record.

Plaintiff makes numerous factual representations that are not supported in the

administrative record and, we note, that each of these allegations wass considered by the BCNR before denying his requested relief. Pl. Resp., pp. 10 – 11.

Plaintiff alleges that Mr. Blankenship "was not afforded extra training flight to improve his performance." Pl. Resp., p. 10. There are two flaws in this argument. First, the underlying assumption is that CNATRAINST 1500.4F requires the Navy flight instructors to award extra training flight to marginal students. This assumption is incorrect, as the regulation gives the flight instructors discretion when determining which student aviators are awarded extra flights. See CNTRAINST 1500.4, paras. 718, 803, and 806. Moreover, the record shows that Mr. Blankenship was awarded extra training flights on September 26 and October 1, 2001 after being designated as a marginal performer. AR, Tab 1, pp. 18-19.

Next, plaintiff contends that Mr. Blankenship "did not have a chance to overcome his marginal designation with an individualized plan designed to correct his deficiencies and allow him to graduate." Pl. Resp., p. 10. Plaintiff's assertion is not supported in the record. Mr. Blankenship's various deficiencies were pointed out to him as early as July 18, 2001 and then again on August 6, 2001. AR, Tab 1, p. 11. Furthermore, the flight instructors gave Mr. Blankenship a point-by-point breakdown of his strengths and deficiencies during his extra training flight. AR, Tab 1, pp. 18 – 19. Contrary to plaintiff's assertions, plaintiff was given a full and fair chance to overcome his deficiencies before being recommended for attrition from the flight program. The record shows that, despite the Navy's efforts, Mr. Blankenship failed another flight on October 4, 2001 and the Navy did not recommend his removal until this failure. AR, Tab 1, pp. 23 -24.

Plaintiff asserts that the purpose of a marginal designation is "to help the student aviator identify steps needed to improve performance." Pl. Resp. p. 10. As we explained above, the purpose of measuring and documenting performance is to identify substandard students, maintain quality control, ensure efficient training management (which includes screening students early in the training program that are likely to fail, drop out, or take an excessively long time to complete), assign training and duty, establish the precedence of class standing, issue awards, identify trends in student training, and enable jacket reviews. See CNATRAINST 1500.4F, paragraphs 700 and 718. Accordingly, plaintiff's argument is wholly without merit.

Plaintiff also alleges that Mr. Blankenship was "successful in his training up until the very end…" The administrative record shows that Mr. Blankenship's performance was not "successful up until the very end." Indeed, Mr. Blankenship was identified as a marginal performer on July 18, 2001 after completion of seven events. AR, Tab 1, pp. 12, 18 – 19. Furthermore, simply receiving an "up" mark does not make the student aviator's performance successful. Pursuant to paragraph 716 in CNTRAINST 1500.4F, student aviator's scores are averaged for each stage and phase and then compared against the squadron average to determine which students' performance is either successful or marginal. Additionally, CNATRAINST 1500.4F, paragraph 718 states, in pertinent part, that "[m]arginal performance shall be identified to focus attention on the student whose performance, though technically passing, is substandard." Accordingly, plaintiff's argument demonstrates a misunderstanding of both the administrative record and how marginal performance during flight training is identified.

Plaintiff also asserts that Mr. Blankenship was "never counseled on steps he needed to take to improve [his] performance. Pl. Resp., p. 11. This assertion is inconsistent with

plaintiff's "Statement of the Case" wherein plaintiff concedes that Mr. Blankenship was, in fact, counseled on the steps he need to take to correct his performance. Pl. Resp., p. 2. In any event, it is indisputable that Mr. Blankenship was counseled for both his marginal performance on training flight RI-15 and his failure of training flight RI-24 on September 25, 2001. 1AR, Tab 1, pp. 17-22.

Plaintiff contends that Mr. Blankenship was "two successful flights away from graduation, and would have been able to meet the standards had he been counseled and afforded the opportunity to correct his deficiencies." Pl. Resp., p. 11. We first note that plaintiff again confuses receiving an "up" or "complete" flight, which can result in a technically passing score, with that of a successful flight, which is at or above the squadron average for the particular stage or phase. Next, the record shows that Mr. Blankenship's overall score at the time of his removal, after nearly 140 hours of flight time, was 23.8. AR, Tab 2, p. 74. That is, Mr. Blankenship was 6.2 points away from achieving a substandard score of 30 and 11.2 points away from achieving a marginal score of 35 at the end of all flight training . AR, Tab 1, p. 34. Thus, even if Mr. Blankenship was allowed to complete all remaining training flights, he would have had to perform flawlessly just to be marginal, which would still have resulted in his referral to the Training Review Board. Furthermore, based upon his overall performance, there is no basis to conclude that he would have performed flawlessly and it was reasonable for the Navy to conclude that Mr. Blankenship is not qualified to serve as a Navy combat pilot.

C. Plaintiff Has Failed To Respond To Our Argument That The Navy's Failure To Counsel Plaintiff Within One Week After Achieving Marginal Performance On A Training Flight Constitutes Harmless Error

In our opening brief, we demonstrated that the procedural error relied upon by plaintiff, the Navy's 23-day delay in counseling Mr. Blankenship after his marginal performance on training flight Radio Instruments 15 ("RI-15"), was nothing more than harmless error because: (1) granting of extra training flight is discretionary and even if Mr. Blankenship was counseled on September 7, 2001 or within one-week thereafter, he would not have been entitled to extra training flight; (2) based upon his demonstrated academic and training performance, the Navy reasonably concluded that Mr. Blakenship could not successfully complete flight training; (3) plaintiff's criminal misconduct in Austin, Texas would have resulted in his removal from flight training regardless of his academic and training performance; and (4) the record amply demonstrates that plaintiff ignored his affirmative responsibility to review his training record with the Navy.

Other than making the broad assertion that "[t]he procedural errors committed by the Navy were not harmless," plaintiff did not specifically respond or refute these arguments. As such, plaintiff has conceded the argument and its complaint should be dismissed. See Brewer v. Purvis, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993) ("Summary judgment is appropriate since Plaintiff failed to respond to [defendant's] argument on this issue.") (citation omitted), aff'd, 44 F.3d 1008 (11th Cir. 1995); Southern Nevada Shell Dealers Ass'n v. Shell Oil, 725 F. Supp. 1104, 1109 (D. Nev. 1989) ("The plaintiffs, by failing to respond to [defendant's] argument in their opposition paper, have implicitly conceded that . . . [defendant's argument] . . precludes liability."); cf. Finch v. Hughes Aircraft Corp., 926 F.2d 1574, 1576-77 (Fed. Cir. 1991) (holding that plaintiff could not raise argument on appeal that trial court erred in dismissing its complaint because it did not respond to the motion to dismiss).

## CONCLUSION

Based on the foregoing, this Court should grant our motion to dismiss the complaint or, in the alternative, grant judgment upon the administrative record for the defendant.

Respectfully submitted,

GREGORY G. KATSAS
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s/ Christopher L. Krafchek
CHRISTOPHER L. KRAFCHEK
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-0041
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
LCDR MARC S. BREWEN
Office of the Judge Advocate General
General Litigation (Code 14)
1322 Patterson Ave, SE Suite 3000
Washington Navy Yard, DC 20374-5066
Tel: (202) 685-5441
Fax: (202) 685-5472

July 24, 2008

CERTIFICATE OF FILING

I hereby certify that on this 24 day of May, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS, AND, IN THE ALTERNATIVE, MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher L. Krafchek